UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| PAULETTE ALANE MOODY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY BERRYHILL,[1] ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) | Case No. 1:15-cv-01449-JBM |

## ORDER & OPINION

This matter is before the Court on Plaintiff Paulette Moody's Motion for Summary Judgment (Doc. 8) and Defendant Nancy Berryhill's Motion for Summary Affirmance (Doc. 12). For the reasons explained below, Plaintiff's motion is granted and Defendant's motion is denied. Because the ALJ erred in not assessing Plaintiff's borderline age, his decision is vacated and the matter is remanded to the Commissioner for further proceedings consistent with this Order & Opinion.

I. **PROCEDURAL BACKGROUND**

On September 24, 2012, Plaintiff filed a Title II application for a period of disability and disability insurance benefits. (R. at 9).[2] Plaintiff alleged that her disability began on July 1, 2007. (R. at 9). Plaintiff's date of last insured was June 30, 2011 (R. at 11). The Social Security Administration initially denied Plaintiff's

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. The previous Commissioner was Carolyn W. Colvin.
[2] Citation to R. at ___ refers to the page in the certified transcript of the entire record of proceedings provided by the Social Security Administration.

application on November 30, 2012, and did so again on reconsideration on March 15, 2013. (R. at 9). On March 27, 2013, Plaintiff requested a hearing before an ALJ. (R. at 9). On June 11, 2014, the ALJ held a video hearing where the Plaintiff, who was represented by an attorney, and a Vocational Expert both testified. (R. at 9-23).

On June 26, 2014, the ALJ issued a decision finding that Plaintiff was not disabled, and thus not eligible for disability insurance benefits. (R. at 23). On September 3, 2015, the Social Security Administration Appeals Council denied Plaintiff's request for a review. (R. at 1-3). In doing so, it made the ALJ's decision the final decision of the Commissioner of Social Security. Plaintiff then filed her Complaint (Doc. 1) with this Court on November 3, 2015.

**II. FACTUAL AND MEDICAL HISTORY**

Plaintiff was born on October 5, 1956. (R. at 21). She was approximately 54 years and 9 months old at the time of her date of last insured.[3] Plaintiff alleges disability because of degenerative disorders in her knees, obesity, and an affective disorder. Because the ALJ sufficiently summarizes and addresses the factual details of Plaintiff's medical history and because they are not pertinent to the Court's Opinion, the Court will not repeat them here. (R. at 9-23).

Plaintiff alleges disability from significant bilateral knee pain caused by degenerative disorders within her knees and obesity. She also alleges disability caused by an affective disorder, specifically bipolar disorder, which primarily manifested itself as depression. Plaintiff alleges that the combination of impairments

---

[3] Plaintiff's date of last insured was June 30, 2011. Therefore, Plaintiff was 54 years, 8 months, and 25 days old on the Plaintiff's date of last insured.

2

significantly limited her ability to engage in work related activity during the period at issue.

On June 11, 2014, Plaintiff had a hearing before the ALJ. (R. at 28-57). During the hearing, the ALJ sought testimony both from Plaintiff and from a Vocational Expert. (R. at 28-57). On June 26, 2014, the ALJ denied Plaintiff's application for a period of disability and disability insurance benefits. (R. at 23). The ALJ found that Plaintiff's impairments, or combination of impairments, did not met or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, and 404.1526).

Furthermore, the ALJ found that Plaintiff had the residual functional capacity to perform "light" exertional work with some defined limitations. Specifically, the ALJ found:

> "After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) except that she could not climb ladders, ropes, or scaffolds and could perform other postural functions only occasionally; she needed to avoid exposure to environmental hazards, such as unprotected heights and dangerous machinery; the claimant was limited to the performance of simple and repetitive tasks that involved little or no change in work routine, no interaction with the general public, and occasional interaction with coworkers and supervisors."

(R. at 14).

The ALJ then had to determine whether Plaintiff was disabled or not based on her residual functional capacity, *age*, education, and work experience, in conjunction with the Medical-Vocational Guidelines ("the Grid"). 20 C.F.R. Part 404, Subpart P, App'x 2. (R. at 22). The ALJ determined that on her date of last insured, Plaintiff was "54 years old, which is defined as an individual closely approaching advanced age."

3

(R. at 21) (citing 20 C.F.R. § 404.1563(d)). The ALJ also determined that Plaintiff had completed at least a high school education. (R. at 21). However, the ALJ did not determine the transferability of job skills, because the Grid supported a finding of "not disabled" regardless of if Plaintiff had transferable job skills. (R. at 21).

Under the Grid, the ALJ found that Plaintiff would be considered "not disabled." (R. at 22). However, because the Plaintiff had limitations on her functional ability to perform "light" work, the ALJ consulted with a vocational expert to determine whether there would be jobs available in the national economy that Plaintiff could perform. (R. at 22). The vocational expert testified that Plaintiff would be able to perform the occupation of either 1) a maid or housekeeping cleaner or 2) a production-related inspector. (R. at 22). Because there were jobs that Plaintiff could perform, the ALJ determined that a finding of "not disabled" was appropriate and denied Plaintiff's application for disability and disability benefits. (R. at 23).

### III. LEGAL STANDARD

The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). "The standard of review that governs decisions in disability-benefit cases is deferential." *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). When a claimant seeks judicial review of an ALJ's decision to deny benefits, this Court must only "determine whether [the ALJ's decision] was supported by substantial evidence or is the result of an error of law." *Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004). "The findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence, 'although more than a mere scintilla of proof, is no more than such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion.'" *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001) (citations omitted).

To determine whether the ALJ's decision is supported by substantial evidence, this Court will review the entire administrative record, but will not "reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). While this Court must ensure that the ALJ "build[s] an accurate and logical bridge from the evidence to [her] conclusion," he need not address every piece of evidence. *Clifford*, 227 F.3d at 872. The Court will remand the case only where the decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

To be entitled to disability benefits under the Social Security Act, a claimant must prove he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A). The Commissioner must make factual determinations in assessing the claimant's ability to engage in substantial gainful activity. *See* 42 U.S.C. § 405(b)(1). The Commissioner applies a five-step sequential analysis to determine whether the claimant is entitled to benefits. 20 C.F.R. § 404.1520; *see also Maggard v. Apfel*, 167 F.3d 376, 378 (7th Cir. 1999). The claimant has the burden to prove disability through step four of the analysis, i.e., he must demonstrate an impairment that is of sufficient severity to preclude him from pursuing his past work. *McNeil v. Califano*, 614 F.2d 142, 145 (7th Cir. 1980). If the plaintiff has carried his burden for the first four steps, the burden shifts to the Commissioner at step five. *Id.*

In the first step, a threshold determination is made as to whether the claimant is presently involved in a substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not under such employment, the Commissioner of Social Security proceeds to the next step. *Id.* At the second step, the Commissioner evaluates the severity and duration of the impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant has an impairment that significantly limits his physical or mental ability to do basic work activities, the Commissioner will proceed to the next step. 20 C.F.R. § 404.1520(c). If the claimant's impairments, considered in combination, are not severe, he is not disabled and the inquiry ends. *Id.* At the third step, the Commissioner compares the claimant's impairments to a list of impairments considered severe enough to preclude any gainful work; if the elements of one of the Listings are met or equaled, the claimant is eligible for benefits. 20 C.F.R. § 404.1520(a)(4)(iii); 20 C.F.R. Part 404, Subpart P, App'x. 1.

If the claimant does not qualify under one of the listed impairments, the Commissioner proceeds to the fourth and fifth steps, after making a finding as to the claimant's residual functional capacity. 20 C.F.R. § 404.1520(e). At the fourth step, the claimant's residual functional capacity is evaluated to determine whether he can pursue his past work. 20 C.F.R. §§ 404.1520(a)(4)(iv). If he cannot, then, at step five, the Commissioner evaluates the claimant's ability to perform other work available in the economy, again using his residual functional capacity. 20 C.F.R. § 404.1520(a)(4)(v).

## IV. DISCUSSION

Plaintiff raises numerous issues in her Memorandum in Support of Motion for Summary Judgment (Doc. 20), some of which overlap or are not stated clearly. Plaintiff has the responsibility of identifying the specific findings of the ALJ which are contrary to law, citing "to the record by page number the factual evidence which supports" her position, as well as the "statute, regulation or case law under which the Commissioner allegedly erred." Local Rule 8.1(D). Despite this requirement, Plaintiff's lengthy brief is unclear and confusing, and frequently does not clearly identify the problematic findings or legal support. The Court "cannot fill the void by crafting arguments and performing the necessary legal research." *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). This rule applies to pro se plaintiffs, but should be even more true when, as here, a plaintiff is represented by counsel, albeit shabbily. Thus, although the Court attempted to construe the numerous claims and assess them accordingly, the Court did not create arguments for Plaintiff. To the extent arguments were missed, the Court reminds Plaintiff and Plaintiff's counsel that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991).

The Court was able to identify the following arguments: 1) that the ALJ erred in not addressing Plaintiff's borderline age when using the Grid in step five; 2) that the ALJ erred by not addressing the Plaintiff's 2008 MRI; 3) that the ALJ erred by determining that Plaintiff could perform "light" work when her previous work was "sedentary"; and 4) that the ALJ erred in disregarding Plaintiff's and her husband's

7

testimony about her health. The Court finds that the ALJ erred in not identifying whether he had considered Plaintiff's borderline age, therefore, the Court remands the matter for further proceedings consistent with this Order and Opinion.

### A. BORDERLINE AGE

The ALJ erred in failing to identify whether he considered Plaintiff's borderline age when using the Grid to determine whether Plaintiff was disabled or not. "The Grids reflect the Social Security Administration's determination that certain combinations of age, education, work experience, and exertional limitations direct a finding of either disabled or not disabled at step five of the disability analysis." *Figueroa v. Astrue*, 848 F. Supp. 2d 894, 895 (N.D. Ill. 2012) (citing 20 C.F.R. § 404.1569; 20 C.F.R. Pt. 404, Subpart P., App'x 2 § 200.00(a); *Haynes v. Barnhart*, 416 F.3d 621, 627-30 (7th Cir. 2005)).

When using the Grid and considering an individual's age, the Social Security Administration has promulgated the following regulation:

> "We will use each of the age categories that applies to you during the period for which we must determine if you are disabled. We will not apply the age categories mechanically in a borderline situation. *If you are within a few days to a few months of reaching an older age category*, and using the older age category would result in a determination or decision that you are disabled, *we will consider whether to use the older age category* after evaluating the overall impact of all the factors of your case."

20 C.F.R. § 404.1563(b) (emphasis added). Therefore, § 404.1563(b) prevents the Commissioner from mechanically applying the age categories if an individual is within a few months of reaching a new category. However, § 404.1563(b) does not provide further guidance about how it is to be applied and what is required of an ALJ in order to show that they did not "mechanically apply" the age categories.

8

This has created a disagreement among the Circuit Courts of Appeal as to the requirements of § 404.1563(b). *Figueroa*, 848 F. Supp. 2d at 896-99 (explaining disagreement between Circuit Courts); *see also Anderson v. Astrue*, 2011 U.S. Dist. LEXIS 62862, at *39-40 (N.D. Ill. June 13, 2011); *Pelech v. Colvin*, No. 14-C-7021, 2016 U.S. Dist. LEXIS 21215, at * 21-22 (N.D. Ill. Feb. 22, 2016).

The Courts of Appeal for the Third and Tenth Circuits have held "that an ALJ must show in his decision that he has performed the analysis required in a borderline age situation." *Anderson*, 2011 U.S. Dist. LEXIS 62862, at *36-37 (*citing Daniels v. Apfel*, 154 F.3d 1129, 1136 (10th Cir. 1998); *Kane v. Heckler*, 776 F.2d 1130, 1132-34 (3d Cir. 1985)). Therefore, these courts require "that 'ALJs must provide some record of their thought process regarding the requirements of § 404.1563(b).'" *Id.* (citations omitted). The courts require that an ALJ show he performed the analysis in order to assure that the ALJ considered the borderline age situation in a non-mechanical manner.

However, the Courts of Appeal for the Sixth, Ninth, and Eleventh Circuits have rejected "the argument that borderline-age regulations are applied mechanically in violation of § 404.1563 when the ALJ fails to explicitly indicate that consideration was given to the claimant's age status." *Id.* at *37-39 (*citing Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 399 (6th Cir. 2008); *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 2882 (2011); *Miller v. Comm'r of Soc. Sec.*, 241 F. App'x 631, 635 (11th Cir. 2006)). These courts have declined to require ALJs to explain their borderline age determination because "nothing in § 404.1563's language obligates an ALJ to address a claimant's borderline age situation

in his opinion or explain his thought process in arriving at a particular category.'" *Id.* at *38 (citing *Bowie,* 539 F.3d at 401-03).

The United States Court of Appeals for the Seventh Circuit has not addressed the issue of what § 404.1563(b) requires of an ALJ; however, this Court is assured that it is more than what the ALJ provided in this case, which was nothing. The Court is persuaded by the logic of the Courts of Appeal for the Third and Tenth Circuits, as well as that of our sister district, the Northern District of Illinois, in finding that the ALJ must, at minimum, identify that there was a borderline age situation before determining which age category to use. *See Anderson*, 2011 U.S. Dist. LEXIS 62862, at *37 ("Multiple courts in this district have expressly adopted the Tenth Circuit's approach in *Daniels*."). Without an acknowledgment that there was a borderline age situation, the ALJ's opinion only shows a mechanical application of the age categories, which § 404.1563(b) forbids. Furthermore, even the circuits that do not require an explanation, acknowledge that "ALJs must provide enough detail to show that their decisions are supported by substantial evidence." *Id.* at *40 (*citing Bowie*, 539 F.3d at 400).

Therefore, the Court agrees with the Northern District of Illinois's explanation for requiring an ALJ to identify and explain borderline age determinations.

> "Moreover, without some minimal explanation of how a choice has been made, it would seem difficult if not impossible for there to be meaningful review of the age category determination. Indeed, it would appear to be impossible to determine whether there had even been the required exercise of discretion . . . [and furthermore] the ALJ would have abused that discretion by failing to exercise it. Indeed, in all contexts, failure to exercise discretion, however uncanalized that discretion, is, itself, an abuse of discretion. Further, the Seventh Circuit has long required that an ALJ build a 'logical bridge' between the evidence and the ALJ's

conclusion so that the claimant may be afforded meaningful review of the Commissioner's ultimate findings."

*Figueroa*, 848 F. Supp. 2d at 900 (citations omitted).

Therefore, the ALJ must identify that there is a borderline age situation and then determine, based on the evidence, which of the available age categories is appropriate. In doing so, the ALJ must build a logical bridge from his evidence to the age categorization that he applies.

As applied to this case, the ALJ made no mention of the borderline age situation; therefore, the Court is unable to conduct meaningful review as to whether the ALJ considered the borderline age situation mechanically or not. On June 30, 2011, which is Plaintiff's date of last insured, Plaintiff was 54 years, 8 months, and 25 days old.[4] The ALJ declared that an individual of 54 years age would be defined as an "individual closely approaching advanced age." (R. at 21). However, as Plaintiff argues, the ALJ did not acknowledge that Plaintiff was within months of being 55 years old. Those who are 55 years old or older are considered "individuals of advanced age." 20 C.F.R. § 404.1563.

The age category that the ALJ uses is important because it is one of the four factors used to determine whether an individual is disabled under the Grid. The ALJ

---

[4] Although § 404.1563(b) does not define precisely how many months a "few months" is, the Court is satisfied that because Plaintiff was three months and five days away from her birthday that she is within a "few months." *See Young v. Barnhart*, 287 F. Supp. 2d 905, 913 (N.D. Ill. 2003) (remanding a borderline age claimant who was four and one-half months away from the next age category); *Graham v. Massanari*, No. 00-C-4469, 2001 U.S. Dist. LEXIS 6415, at *8 (N.D. Ill. May 9, 2001) (remanding a borderline age situation where the Plaintiff was four and one-half months away from turning fifty); *Freundt v. Massanari*, No. 00-C-4456, 2001 U.S. Dist. LEXIS 18063, at *19 (N.D. Ill. Nov. 2, 2001) (remanding a borderline age situation where Plaintiff was six months and twelve days away from turning fifty).

assessed that Plaintiff was capable of "light" work with functional restrictions, therefore the ALJ used Grid Table 2 to help him determine whether Plaintiff was disabled at step five. The ALJ found that Plaintiff was not disabled because she was an "individual closely approaching advanced age" with a high school degree. Therefore, under Rules 202.13, 202.14, and 202.15 Plaintiff would be considered "not disabled." The ALJ did not determine whether Plaintiff's skills were transferrable because it did not alter the "not disabled" categorization. (R. at 21).

However, if Plaintiff were considered to be an "individual of advanced age," then it would change the portion of Grid Table 2 that the ALJ applied. As an "individual of advanced age," Plaintiff could be categorized as "disabled" under Rules 202.04 and 202.06, if the ALJ finds that her previous work experience was unskilled or that the skills were not transferable. Therefore, the ALJ's categorization of Plaintiff's age is important to her determination of disability. Because of this, the Court cannot find that the ALJ's error was harmless. Therefore, a remand is appropriate.

The Court is not pronouncing that the ALJ's use of an "individual approaching advanced age" was an error or that that ALJ must find consider Plaintiff an "individual of advanced age." Rather, the Court is merely requiring the ALJ to identify that he considered the borderline age issue and provide some explanation, however brief, in order to build a logical bridge for judicial review. *See Anderson*, 2011 U.S. Dist. LEXIS 62862, at \*42; *Pelech*, 2016 U.S. Dist. LEXIS 21215, at \*25.

B. OTHER ARGUMENTS

In light of the remand, the Court finds it unnecessary to address Plaintiff's additional arguments. *See, e.g.*, *Wallace v. Colvin*, 193 F. Supp. 3d 939, 951 (N.D. Ill. 2016) ("Having found that this case must be remanded . . . , the Court will only briefly comment on the remaining issues."); *Hudson v. Astrue*, No. 08-C-3242, 2009 U.S. Dist. LEXIS 75102, at * 39 n. 6 (N.D. Ill. Aug. 24, 2009) ("In light of this remand order, we find it unnecessary to address the other arguments that plaintiff has raised."). However, the Court will address one of the arguments.

Plaintiff contends that the ALJ erred in declaring that Plaintiff was capable of performing "light" exertional work when her work history consisted only of "sedentary" tasks. Although it appears that the ALJ considered Plaintiff's prior work experience to be "light" exertional work, and not "sedentary," this is not clear. The ALJ is required to build an accurate and logical bridge from the evidence to his conclusion. *Clifford*, 227 F.3d at 872. Therefore, the Court advises that the ALJ take the opportunity on remand to develop this logical bridge.

V. CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's Motion for Summary Judgment (Doc. 8). The Court REVERSES the judgment of the Commissioner and REMANDS the case back to the Commissioner for further proceedings consistent with this Opinion and Order. The Court DENIES Defendant's Motion for Summary Affirmance.

IT IS SO ORDERED. CASE TERMINATED.

Entered this _28th_ day of March, 2017.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge